LOCAL BANKRUPTCY FORM 3015-1

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In Re:                                                    Chapter 13
                                                          Case No. 1:14-bk-02360
**LARRY RUSSELL ESPENSHADE, SR**
aka Larry Russell Espenshade
  Debtor                                                  CHAPTER 13 PLAN
                                                          (Indicate if applicable)
                                                          ☐ 0 Motion to avoid liens
                                                          ☑ 2 Motion to value collateral
                                                          ☑ Original Plan
                                                          ☐ Amended Plan

| YOUR RIGHTS WILL BE AFFECTED |
|---|
| **If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.** |

PLAN PROVISIONS

**DISCHARGE: (Check one)**
☑  The debtor will seek a discharge of debts pursuant to Section 1328(a).
☐  The debtor is not eligible for a discharge of debts because the debtor has previously received a
     discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS: (Check if applicable)**
☑            This plan contains special provisions that are not included in the standard plan as
             approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania.
             Those provisions are set out in Section 8 of this plan. Other than to insert text
             into the designated spaces or to expand the tables to include additional claims, the
             preprinted language of this form may not be altered. This does not mean that the
             Debtor is prohibited from proposing additional or different plan provisions in
             Section 8. The Debtor may propose additional or different plan provisions or
             specify that any of the provisions will not be applicable, provided however, that
             each such provision or deletion shall be set forth herein in Section 8.

**1. PLAN FUNDING AND LENGTH OF PLAN**

   A.      Plan Payments

           1.      To date, the Debtor(s) has paid $0 (enter $0 if no payments have been made to
                   the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of
                   the plan the following payments. If applicable, in addition to monthly plan
                   payments, Debtor(s) shall make conduit payments through the Trustee as set forth
                   below. The total base plan is $30,000.00, plus other payments and property stated
                   in Section 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
|---|---|---|---|---|
| 6/14 | 5/19 | $500.00 | $ | $30,000.00 |
| | | $ | $ | $ |
| | | $ | $ | $ |
| | | $ | $ | $ |
| | | $ | $ | $ |
| | | | Total Payments | $30,000.00 |

    2.    If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

    3.    Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

    4.    CHECK ONE:    ☒ Debtor(s) is at or under median income.
    ☐ Debtor(s) is over median income. Debtor(s) calculates that a minimum of $_____ must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

  B. Liquidation of Assets
    1.    In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $ from the sale of property known and designated as _____
_____. All sales shall be completed by _____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows:
_____

    2.    Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: non-exempt equity, if any, from potential medical claim.

    3.    The Debtor estimates that the liquidation value of this estate is $0.00. (Liquidation value is calculated as the value of all nonexempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

**2. SECURED CLAIMS**
  A.  <u>Pre-Confirmation Distributions</u>. Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
| NONE | | | $ |

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

B. <u>Mortgages and Other Direct Payments by Debtor</u>. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| AMERICAN HONDA FINANCE | 2014 400 Rancher 4wheeler | $178.00 | $6,887.00(Approximate) |
| BELCO COMMUNITY CU | 240 N Fairville Ave, Harrisburg, PA | $170.00 | $22,841.00(Approximate) |
| SETERUS, INC - CORRESPONDENCE | 240 N Fairville Ave, Harrisburg, PA | $1,258.61 | $161,406.00(Approximate) |

C. <u>Arrears</u>. The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| AMERICAN HONDA FINANCE (p) | 2014 400 Rancher 4wheeler | Per allowed proof of claim ($0.00 estimated) | | Per allowed proof of claim |
| BELCO COMMUNITY CU (for Notices) | 240 N Fairville Ave, Harrisburg, PA | Per allowed proof of claim ($0.00 estimated) | | Per allowed proof of claim |
| SETERUS, INC - CORRESPONDENCE | 240 N Fairville Ave, Harrisburg, PA | Per allowed proof of claim ($4,000.00 estimated) | | Per allowed proof of claim |

D. <u>Secured Claims Paid According to Modified Terms.</u> These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
| --- | --- | --- | --- | --- | --- |
| **BELCO COMMUNITY CU** | **2009 Forest Rivers Vcross travel trailer** | $15,000.00 | Lesser of 3.25% or contract rate | $ | Plan -- Cram Down |
| **ONEMAIN FINANCIAL ATTN: BK NOTICES** | **2002 BMW 530i 124,000 miles** | $2,350.00 | Lesser of 3.25% or contract rate | $ | Plan -- Cram Down |

**\* "PLAN" INDICATES THAT THE DEBTOR PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE**

E. <u>Other Secured Claims</u>. (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be paid in plan |
| --- | --- | --- | --- | --- |
| **NONE** | | | % | |

F. <u>Surrender of Collateral.</u> Debtor(s) surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
| --- | --- |
| **NONE** | |

G. <u>Lien Avoidance.</u> The debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

| Name of Creditor | Description of Collateral |
| --- | --- |
| **NONE** | |

H. <u>Optional provision regarding duties of certain mortgage holders and servicers.</u> Property of the estate vests upon closing of the case, and debtor elects to include

the following provisions. (Check if applicable)

(x) Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and or/deeds of trust on the principal residence of the debtor to do the following:

(1) Apply the payments received from the trustee on the pre-petition arrearage, if any, only to such arrearage. For purposes of this plan, the "pre-petition arrearage" shall include all sums included in the "allowed" proof of claim and shall have a "0" balance after both: (1) the Discharge Order in this case has been entered; and (2) payment in full of the allowed proof of claim has been made.

(2) Deem the pre-petition arrearage as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(3) Apply the post-petition monthly mortgage payments made by the debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

3. **PRIORITY CLAIMS**

   A. Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under Section 8:

| Name of Creditor | Estimated Total Payment |
|---|---|
| **NONE** | |

   B. <u>Administrative Claims:</u>

   (1) Trustee fees. Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

   (2) Attorney fees. In addition to the retainer of $0.00 already paid by the Debtor, the amount of $4,000.00 in the plan. Any amount exceeding the district's no-look fee will not be paid until a fee application for the requested amount is approved by the Court.

   (3) Other administrative claims.

| Name of Creditor | Estimated Total Payment |
|---|---|
| **NONE** | |

4. **UNSECURED CLAIMS**

   A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified.</u> Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| **NONE** | | $ | % | $Per allowed proof of claim |

    B.    All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| **NONE** | | $ | % | $ | | |

6. **REVESTING OF PROPERTY: (Check One)**

☐    Property of the estate will vest in the Debtor upon confirmation. (Not to be used with Section 2H)

☑    Property of the estate will vest in the Debtor upon closing of the case.

7.    **STUDENT LOAN PROVISIONS**
    A. <u>Student loan provisions</u>. This plan does not seek to discharge student loan(s) except as follows:

| Name of Creditor | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
| **NONE** | | | | |

    **(NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)**

8.    **OTHER PLAN PROVISIONS:**
    A. Include the additional provisions below or on an attachment. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

(1) Claims accruing post-petition are provided for by this plan and may be paid through the plan at the election of the Debtor, to the detriment of general, unsecured claims.
(2) During the course of this plan, the Debtors may make some monthly payments before the Trustee's monthly deadline and other payments after such monthly deadline, which may result in variation in timing and amount of disbursements to creditors, even if the Debtors are in full compliance with the terms of the plan. After the payment of administrative expenses pursuant to 11 U.S.C.1326(b)(1), monthly disbursements on secured claims may increase. Consequently, payments on secured claims pursuant to this plan shall not be "periodic" in nature
(3) Pursuant to §349(b)(3), funds held by the trustee after confirmation shall vest in the debtor except for any amounts owed to Debtor's counsel pursuant to the 2016(b) statement, confirmed plan, and/or fee application(s). Upon dismissal, the trustee shall distribute such funds as are available to debtor's counsel prior to disbursing funds to the debtor or other entities.
(4) Confirmation of the plan shall invoke the protection of 11 U.S.C. Section 1301, whether or not the Debtor provides for interest on payment of cosigned obligations. The proof of claim filed by the creditor, and not objected to by the Debtor, or filed by the Debtor on behalf of the creditor, shall constitute a designation of the total amount owed to the creditor for purposes of determining full payment under the plan.

(5) Binding Arbitration. The plan filed by the Debtor herein specifically rejects, avoids, cancels, and otherwise releases the Debtor from any and all contractual provisions, with any party or entity, which could or may impose on the Debtor the duty, requirement or obligation to submit any and all claims, demands, or causes of action of the Debtor or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution. Consequently, confirmation of this plan shall constitute a finding that any such clauses, conditions or provisions, whether arising under the Federal Arbitration Act or any state rule, statute, or regulation, are invalid, void and otherwise unenforceable as to the Debtor or the Chapter 13 Trustee.

(6) Consumer Claims Not Waived. Confirmation of the plan shall constitute a finding that the Debtor does not waive, release or discharge but rather retains and reserves to himself or herself, to the extent he or she may claim an exemption, or to the Chapter 13 Trustee, any and all pre-petition claims and any and all post-petition claims that he or she could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law, including, but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, Uniform Commercial Code violations, Truth in Lending Act violations, Home Equity Protection Act violations, Equal Credit Opportunity Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of right or claims provided for by Title 11 of the United State Code, by the Federal Rules of Bankruptcy Procedure, or by the local rules of this Court.

(7) Debtor's Standing. Confirmation of this plan shall vest in the Debtor full and complete standing to pursue any and all claims against any parties or entities for all rights and causes of action provided for under or arising out of Title 11 of the United States Code, including but not limited to the right to pursue claims for the recovery of property of this estate by way of turnover proceedings, the right to recover pre-petition preferences, the right to pursue automatic stay violations, and the right to pursue discharge violations.

(8) Claim amounts: The amounts of the claims listed in the plan are estimated amounts and are not admissions by the Debtors as to the amount(s) owed. In the event that the proof of claim filed in the case differs in amount from the estimated plan claim(s) amount, the amount of the allowed proof(s) of claim shall control.

(9) Secured claims receiving regular payments under paragraph 2. of this plan will be paid pursuant to 11 U.S.C. §1322(b)(3), commencing with the first payment that comes due after thirty days from the date of the filing of the petition.

(10) Claims for current spousal and child support and for arrearages will be paid outside the plan pursuant to 11 U.S.C.§1322(a)(4).

(11) Property surrendered under Section 2 F. shall be surrendered in full satisfaction of creditors' claims.

(12) The provision of this plan at 1. Plan Funding and Length of Plan, A. Plan Payments, 4. is modified to provide that the minimum that must be paid under the plan pursuant to the Means Test must be paid to unsecured general claims and unsecured priority claims unless priority claims have been included in the Means Test calculation.

(13) This plan is filed to comply with the means test. Confirmation of the plan shall not have res judicata effect as to the Debtor's plan payment or act as a waiver of the Debtor's right to file an amended plan that is consistent with the Debtor's actual income.

(14) If a creditor fails to file a claim and the Debtor files a claim on behalf of the creditor, the amount of the claim shall act as a maximum allowable amount and upon confirmation, the Creditor shall be estopped from asserting that it is entitled to a greater amount and shall be estopped from attempting to collect a greater amount either during the case or after discharge.

## 9. ORDER OF DISTRIBUTION:

Payments from the plan will be made by the Trustee in the following order:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Secured claims, pro rata.
Level 5: Priority claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: General unsecured claims.
Level 8: Untimely filed unsecured claims to which the debtor has not objected.

If the above Levels are not filled-in, then the order for distribution of plan payments will be determined by the Trustee using the following guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata
Level 5: Secured claims, pro rata..
Level 6: Specially classified unsecured claims.
Level 7: General unsecured claims.
Level 8: Untimely filed unsecured claims to which the Debtor has not objected.

## GENERAL PRINCIPLES APPLICABLE TO ALL PLANS

All pre-petition arrears and cramdowns shall be paid to the Trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the debtor. Claims filed after the bar date that are not properly served on the trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.

    /s/ Larry Russell Espenshade, Sr
Debtor

Case 1:14-bk-02360-HWV    Doc 6    Filed 05/20/14    Entered 05/20/14 12:12:07    Desc
Main Document    Page 8 of 8